UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ENTERPRISE FM TRUST and ENTERPRISE FLEET MANAGEMENT, INC., | § § § § | |
| Plaintiffs, | § § § | Civil Action No. _____ |
| v. | § § | |
| EAGLE FORD OILFIELD SERVICES, LLC | § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Enterprise FM Trust and Enterprise Fleet Management, Inc. (together, "Plaintiffs" or "Enterprise") file this Complaint against Defendant Eagle Ford Oilfield Services, LLC ("Defendant" or "EFOS") and allege as follows:

### NATURE OF THE CASE

1. This lawsuit arises out of EFOS's refusal to pay Plaintiffs in accordance with the terms of its agreements and EFOS's refusal to return EFT's property. Plaintiffs bring claims for breach of contract, and EFT brings claims for conversion and replevin to recover EFT's property and the damages caused by EFOS's willful acts.

### THE PARTIES

2. Plaintiff Enterprise FM Trust ("EFT") is a Delaware statutory trust whose principal place of business is in Missouri and whose sole trustee, the Bank of NY Mellon, is headquartered at 301 Bellevue Parkway, 3rd Floor, Wilmington, Delaware 19809. None of EFT's beneficiaries are citizens of the State of Texas.

3. Plaintiff Enterprise Fleet Management, Inc. ("EFM") is a corporation incorporated under the laws of the State of Missouri with its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri 63105.

4. Defendant EFOS is a limited liability corporation incorporated under the laws of the State of Texas with its principal place of business at 500 N. Shoreline Blvd., #609, Corpus Christi, Texas. EFOS may be served with process via its registered agent for service, Wendy S. Purcell, 150 Port Royal, Aransas Pass, Texas 78336 or, in the event that service cannot be perfected on EFOS's registered agent, on the Texas Secretary of State.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000 and the Plaintiffs and Defendant are citizens of different States.

6. The Court has personal jurisdiction over Defendant because it is a citizen of this District and conducts practically all of its business in this District, including the events giving rise to this lawsuit.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). Defendant resides in this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Further, Plaintiffs' converted property was to be used for Defendant's business purposes in the District and, upon information and belief, remains outstanding in the District.

## THE OPERATIVE AGREEMENTS

8. On March 20, 2013, Enterprise and EFOS entered into a series of agreements under which Enterprise would lease a number of its vehicles to and maintain those vehicles for EFOS's

use in its oilfield services business. These agreements included a Master Equity Lease Agreement between EFT (the "Lease Agreement") and EFOS and a Maintenance Agreement between EFM and EFOS (the "Maintenance Agreement").

9. The Lease Agreement provided that EFT would lease vehicles to EFOS for a monthly rental fee and other payments set forth in the Lease Agreement's schedules. Payment for the leases were due and payable to EFT in advance on the first day of each month, with any outstanding balances older than twenty (20) days accruing interest at a rate of 18% per annum until fully paid. EFOS expressly agreed that its "obligations to make all payments of rent and other amounts under this [Lease] Agreement are absolute and unconditional."

10. Moreover, under the Lease Agreement, if EFOS defaulted on the contract by failing to pay amounts due for more than ten (10) days, EFT was entitled to a number of remedies, including the right to "demand and receive immediate possession of any or all of the Vehicles from the Lessee [EFOS], without releasing Lessee from its obligations under this Agreement."

11. The concurrently-signed Maintenance Agreement provided that EFM, the servicer to EFT in the Lease Agreement, would provide EFOS maintenance, repairs, and other services for the leased vehicles in exchange for a monthly maintenance fee set forth by the Maintenance Agreement's Schedules. Similar to the Lease Agreement, EFOS was to pay EFM its maintenance fee on the first day of each month, with any outstanding balances older than twenty (20) days accruing interest at a rate of 18% per annum until fully paid.

## EFOS'S BREACHES OF CONTRACT

12. For a number of years, the parties operated under the agreements without significant defaults on EFOS's part. During that time, EFT and EFM provided dozens of leased vehicles, and serviced those vehicles, for their use in EFOS's business.

4845-1191-1561.4

13. But in July 2018, EFOS stopped upholding its end of the bargain when it refused to satisfy the outstanding amounts due for any of the vehicles leased from EFT. No explanation was provided for their non-payment, and the invoices were not disputed. Their non-payment persisted for every month onward, from July 2018 until the present. As of March 2019, EFOS's unpaid fees constitute approximately $98,526.63 in past due charges, including monthly lease charges due under the Master Equity Lease Agreement and maintenance charges due under the Maintenance Agreement. The outstanding $98,526.63 sum does not include the accrued interest due pursuant to both agreements or the accrued and accruing attorneys' fees incurred by EFT in connection with EFOS's defaults, which are recoverable from EFOS under the Lease Agreement.

### EFOS'S WRONGFUL POSSESSION OF PLAINTIFFS' PROPERTY

14. Since September 2018, Plaintiffs have demanded the return of the vehicles whose accounts were past due. Because EFOS did not timely and willingly comply, Plaintiffs hired a contractor to locate and repossess the leased vehicles. To date, the contractor has been successful in locating only a handful of the leased vehicles.

15. On November 13, 2018, EFOS informed Plaintiffs that it would make the leased vehicles available on EFOS's premises, but, again, only three vehicles were on site and returned to Plaintiffs.

16. On December 6, 2018, counsel for Plaintiffs contacted counsel for EFOS and again demanded the return of the remainder of EFT's vehicles. Plaintiffs' counsel provided a list of missing vehicles, eight of which wrongfully remain in EFOS's custody or control.

17. On January 8, 2019, Plaintiffs' counsel reached out to EFOS's counsel again, but received no response or action. On January 31, 2019, following EFOS's continued refusal to return

4

EFT's property and EFOS's refusal to communicate with Plaintiffs, Plaintiffs terminated the Lease Agreement and Maintenance Agreement.

18. As of the filing of this Complaint, EFOS retains wrongful possession of eight of EFT's vehicles, whose descriptions are summarized below. The total value of these missing vehicles is over $100,000.

| Year | Make | Model | License State | License Number |
|------|------|-------|---------------|----------------|
| 2018 | Ford | F-150 | TX | JYN7021 |
| 2018 | Ford | F-150 | TX | KLR3632 |
| 2017 | Ford | F-150 | TX | JNR9369 |
| 2017 | Ford | F-150 | TX | JNR9368 |
| 2017 | Ford | F-350 | TX | KJH3391 |
| 2016 | Ford | F-150 | TX | HGY1192 |
| 2014 | Ford | F-150 | TX | FTR1024 |
| 2013 | Ford | F-550 Chassis | TX | BZW2518 |

19. Plaintiffs continue to expend time and costs, particularly in the form of repossession contractors, in its efforts to locate the leased vehicles.

## CLAIMS AND CAUSES OF ACTION

### Count 1: Breach of Contract

20. Plaintiffs incorporate herein each of the allegations above.

21. On March 20, 2013, Defendant entered into a valid and enforceable contract for the lease of EFT's vehicles, referred to herein as the Lease Agreement.

22. EFOS has breached myriad obligations under the Lease Agreement, including without limitation, its failure to pay over seven months of rental fees and other amounts due for all of its leased vehicles. EFOS has also breached its obligations under the Maintenance Agreement, including without limitation, its failure to pay over seven months of maintenances fees.

5

23. Upon its default, EFOS has further breached the Lease Agreement by failing to respond to Plaintiffs' demand for the immediate return of its vehicles.

23. EFT and EFM have suffered damages from EFOS's non-payment, including approximately $98,526.63 in outstanding charges for the use of EFT's vehicles, plus contractual interest and accrued and accruing attorneys' fees incurred by EFT.

24. EFT has suffered further damages from EFOS's refusal to return vehicles worth over $100,000. Moreover, EFT has suffered economic harm from EFOS's refusal to comply with its obligations to return EFT's property, including, without limitation, costs incurred for locating and repossessing these vehicles.

### Count 2: Conversion

25. Plaintiffs incorporate herein each of the allegations above.

26. As owner, EFT is entitled to possession of the leased vehicles. EFOS's right to possession of the leased vehicles terminated under the contract upon EFOS's default and EFT's demand for their return.

27. Despite multiple demands for their return, EFOS retains possession of eight of EFT's vehicles worth over $100,000. Such possession is expressly unauthorized by the Lease Agreement and by Plaintiffs' multiple demands.

28. EFT has suffered economic harm from EFOS's wrongful possession of its property, including, without limitation, costs to locate and repossess its property and lost opportunity costs.

### Count 3: Replevin

29. Plaintiffs incorporate herein each of the allegations above.

30. As owner, EFT is entitled to possession of the leased vehicles. EFOS's right to possession of the leased vehicles terminated under the contract upon EFOS's default and EFT's demand for their return.

31. Despite multiple demands for their return, EFOS retains possession of ten of EFT's vehicles worth over $100,000. Such possession is expressly unauthorized by the Lease Agreement and by Plaintiffs' multiple demands.

32. EFT has suffered economic harm from EFOS's wrongful possession of its property, including, without limitation, costs to locate and repossess its property and lost opportunity costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A judgment that EFOS has breached the Lease Agreement and Maintenance Agreement and an order requiring EFOS to pay Plaintiffs damages in the amount adequate to compensate Plaintiffs pursuant to these agreements, including at least $98,526.63 plus interest and accrued and accruing attorneys' fees incurred by EFT;

B. A judgment that EFOS converted EFT's property and an order requiring EFOS to pay damages adequate to compensate EFT for the conversion of its property;

C. A order requiring EFOS to return to Plaintiffs the eight leased vehicles that it unlawfully retained in its possession;

D. An order awarding Plaintiffs their costs, expenses, and attorneys' fees;

E. An order awarding pre- and post-judgment interest; and

F. Any such other relief as the Court may deem appropriate and just under the circumstances.

Respectfully submitted

By: __*/s/ Craig D. Dillard*__
    Craig D. Dillard
    ATTORNEY-IN-CHARGE
    Texas Bar No. 24040808
    Southern District Bar No. 37591
    cdillard@foley.com
    Heaven C. Chee
    Texas Bar No. 24087290
    Southern District Bar No. 2383177
    hchee@foley.com
    FOLEY GARDERE
    Foley & Lardner LLP
    1000 Louisiana, Suite 2000
    Houston, Texas 77002
    Telephone:   713-276-5500
    Facsimile:   713-276-5555

**ATTORNEYS FOR PLAINTIFFS ENTERPRISE FM TRUST AND ENTERPRISE FLEET MANAGEMENT**

4845-1191-1561.4